Drake, Oh. J.,
delivered the opinion of the court:
The claimants do not contend that the contract of March 5, 1863, set forth ia the petition, was a contract for the delivery of thirty thousand tons, or any other specific quantity, of ice ; but that the letter of Assistant Surgeon-General Wood had, in law, the effect of fixing that as the quantity to be delivered at the places therein designated; in other words, that that letter became a part of the contract, and bound the Government to receive that quantity of ice, just as if its terms had been inserted in the written agreement. We do not assent to this proposition.
The advertisement inviting proposalsfor furnishing ice issued from the medical purveyor’s office in Washington, and whatever contract should be entered into would be, and in fact was, not with Assistant Surgeon-General Wood, at Saint Louis, but with Henry Johnson, medical storekeeper and acting medical purveyor, at Washington, representing the Medical and Hospital Department of the Army. That advertisement*notifted bidders *620 that the quantity of ice required at the respective posts was not precisely known, and the contract with the claimants called for no named quantity at any one of the posts which they were to supply, but bound them to deliver the “whole amount of ice required to be consumed at each respective point and vicinity during’ the remainder of the year 1803.”
Upon whose requirement was the ice to be delivered? Clearly upon that of the officer who made the contract, or some other officer authorized by the head of the Medical and Hospital Department of the Army to act in the premises. No subordinate had any right to interpret the contract aud decide that it called'for 30,000 tons, and direct how it should be distributed. This was what Assistant Surgeon-General Wood undertook to do. That he had no authority from the Department in Washington for his action is manifest from the terms of the instructions under which he was performing duty at Saint Louis, and which are set forth above; but more especially from the instant disapproval of hisaction by the Surgeon-General at Washington, as soon as it became known to him. The fact is, Wood attempted to do what he had not the least authority to do; that is, to make definite and fixed what his superior officers had purposely left indefinite, because, in the nature of the case, they could not fix it; and to interpret, by his judgment, what was, by the terms of the contract, clearly intended to be interpreted by the judgment of his superiors, based on the accruing demands of the service. Beyond question this was making a change in the terms of the contract, and was wholly nugatory; and the claimants were bound to know that he had authority to make such change before they attempted to act in pursuance of it.
In our judgment, the letter of Assistant Surgeon-General Wood was no part of the contract, and imposed no liability on the Government; and, as the claimants’ case rests upon that, their petition must be dismissed.
Boeing-, J., though not present when this opinion was delivered, concurred therein, although he did not agree in the facts found, being of the'opinion that the claimant was not entitled to recover on the evidence.